

**DAVID M. ESKEW**
(646) 970-7342 (direct dial)
deskew@aellaw.com
aellaw.com

256 Fifth Avenue, 5th Floor
New York, New York 10001

May 20, 2025

**BY ECF**

Hon. Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> Defendants' proposed schedule is adopted, with the exception of the deadline for the completion of all document production. All document production shall be completed by August 18, 2025.
>
> May 21, 2025
>
> SO ORDERED.
> LEWIS J. LIMAN
> United States District Judge

Re: *United States v. LabQ Clinical Diagnostics, LLC, et al.*,
No. 22 Civ. 10313 (LJL)

Dear Judge Liman:

We submit this letter on behalf of LabQ Clinical Diagnostics LLC, Community Mobile Testing, Inc., Dart Medical Laboratory, Inc., and Moshe Landau (the "LabQ Defendants") in response to the government's letter, dated May 16, 2025 ("5/16 Letter"), requesting an amended Case Management Plan and Scheduling Order ("CMP"). The LabQ Defendants agree that an amended CMP is needed to permit the parties additional time to: *(i)* collect, review and produce voluminous discovery; *(ii)* assess and respond to the government's amended complaint, which was filed yesterday; and *(iii)* propound supplemental written discovery demands as may be needed on behalf of all defendants, including the newly-added defendants.

As the government set out in its 5/16 Letter, the Court originally set July 2, 2025, as the date by which fact discovery was to be completed. That date is not practical for several reasons.

<u>First</u>, the parties' respective discovery requests seek voluminous data and documents, and more time is needed to respond. Specifically, the government propounded 68 requests for production, touching upon wide-ranging subjects across years. The government has also identified 29 custodians for which defendants are compelled to search for substantial documents and email communications. This is a substantial increase from the custodians identified by the government during the CID investigation (and for which records have already been produced). For their part, the LabQ Defendants propounded 126 requests for production and 59 interrogatories. Both parties have made productions responsive to their respective discovery demands, and both parties have substantial additional discovery to produce. Given the sheer volume of discovery and the time it takes to collect, review, and produce such materials, *both parties* require more time to produce discovery.

It is worth noting that while the government casts aspersions—claiming that the LabQ Defendants have not produced "any" merits discovery and have "largely failed" to produce financial discovery—those statements are not quite accurate. The LabQ Defendants acknowledge that there are substantial discovery productions still to come. But as the government will surely acknowledge, the government has received already (from both the LabQ Defendants and various third parties), thousands of pages of financial discovery in the form of bank records, loan materials, corporate formation and ownership documents, and other materials, all of which are responsive to the government's discovery requests. That "financial" discovery is also responsive to certain of the government's "merits" discovery requests. And, the government conducted a two-year investigation prior to the filing of its initial complaint, which included CIDs and deposition testimony. At multiple meet-and-confers amongst the parties, the government acknowledged that the LabQ Defendants *have produced* voluminous materials during the investigative phase of the case, which are responsive to the government's "merits" discovery requests and to which Defendants do not need to duplicate their prior responses and productions. From that perspective, if the government wishes to play a numbers game, while the government has produced 122,875 pages of discovery, the LabQ Defendants have produced more than ten times that—approximately, 1,614,180 pages of discovery and 861,291 documents in total—to the government.[1] It is simply not true that the government has not received substantial financial and merits discovery from the LabQ Defendants to date.

*Second*, the LabQ Defendants require more time to respond to the government's discovery demands because the LabQ Defendants' progress in collecting, reviewing, and producing required discovery has been severely hampered by a lack of funds and resources precipitated by the writs and a series of escalating calamities caused by the LabQ Defendants' inability to fund their payroll and retain critical staff. The LabQ Defendants have repeatedly communicated this ongoing struggle to the government and have been working for months to negotiate relief from the writs to permit the LabQ Defendants to pay, among other things, their reasonable business expenses and legal fees. Those efforts have mostly failed. While the government has agreed to relief from the writs for purposes of paying the LabQ Defendants' long overdue legal fees, the government has refused to consent to relief from the writs for the payment of *any* reasonable business expenses. The result is predictable. The LabQ Defendants do not have the staff to comply with the government's voluminous requests. In a very real sense, the LabQ Defendants are in a "catch 22," in which the government has demanded onerous discovery while, at the same time, deprived the LabQ Defendants of the resources needed to meet the government's requests.

*Third*, the discovery deadlines require amendment based on the government's filing of an amended complaint yesterday that has added new defendants and claims to this case. As the Court is aware, though the case was filed months ago, the parties are still in the pleading stage. On January 16, 2025, the LabQ Defendants filed a joint motion to dismiss. The government did not respond. Instead, the government indicated its intention to file an amended complaint to add new claims and defendants and to cure potential pleading deficiencies. That amended complaint was just filed yesterday. The existing LabQ Defendants will need an opportunity to assess the

---

[1] The government may complain that some of this production was unresponsive because defendants produced the entire email inboxes of certain requested custodians, but that does not diminish the fact that defendants have provided voluminous responsive discovery to date.

government's new complaint, amend and renew their motion to dismiss, as appropriate, and propound supplemental discovery, if necessary or appropriate. Obviously, the newly added defendants will require an opportunity to answer or otherwise respond to the amended complaint and propound discovery of their own. We are aware that the government will likely argue that the new claims do not substantially impact the existing discovery demands, as they did in response to the LabQ Defendants' prior motion to stay discovery. However, we expect that the government would agree, at a minimum, that the filing of an amended complaint and the addition of new parties requires an extension of the existing discovery deadlines.

The LabQ Defendants acknowledge that there is substantial additional discovery to be collected and produced by all parties in the case. The parties agree that an amended CMP is appropriate. Defendants and the government have discussed a new schedule on multiple occasions but have not reached agreement mainly because the government wants a shorter timeframe and defendants want a longer timeframe to complete fact discovery. Notably, however, both parties believe that discovery can be completed with a revised CMP without impacting the trial date set by the Court at the outset of this case. Accordingly, defendants propose the following discovery plan, with which defendants are hopeful all parties can comply. In proposing this schedule, we acknowledge that counsel for the newly-added defendants has not yet even appeared in the action and has not yet offered a view on the appropriate timetable for responsive pleading, motion practice, or discovery. It may well be that the most appropriate course of action is to conduct a case management conference with all counsel for all parties before setting a new discovery schedule.

| Production | Gov't Proposed Deadline | Deft. Proposed Deadline |
|---|---|---|
| Produce completed tax release forms for tax years 2022, 2023, and 2024. Defendants to identify document custodians. | 5/23/2025 | 5/30/2025 |
| Deadline for Defendants to Respond to Amended Complaint | 6/23/2025 | 6/27/2025 |
| Government's Deadline to File an Opposition Brief (if any) to Defendants' Motion to Dismiss | 7/28/2025 | 7/28/2025 |
| Defendants' Deadline to File Reply Brief (if any) to Government's Opposition Brief to Motion to Dismiss | 8/18/2025 | 8/18/2025 |
| Deadline to complete all document productions | 7/18/2025 | 9/12/2025 |
| Deadline to complete all fact discovery, including depositions | 11/26/2025 | 12/19/2025 |

| Deadline to complete expert discovery | 2/27/2026 | 2/27/2026 |
|---|---|---|
| Deadline to file summary judgment motions | 4/10/2026 | 4/10/2026 |

*****

We thank the Court for its consideration of this matter.

Respectfully submitted,

ABELL ESKEW LANDAU LLP
256 5th Avenue, 5th Floor
NY, NY 10001

/s/

By: David M. Eskew, Esq.
(646) 970-7342
deskew@aellaw.com
*Counsel to Moshe Landau*

cc:   all counsel of record (via ECF only)