

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

July 25, 2025

**BY ECF**
Hon. Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States of America v. LabQ Clinical Diagnostics, LLC, et al.*
             No. 22 Civ. 751 (LJL), No. 22 Civ. 10313 (LJL)

Dear Judge Liman:

      We write respectfully on behalf of the United States to request an order compelling Defendants to produce all outstanding financial discovery by August 1, 2025. The July 22, 2025 deadline for financial discovery (Dkt. 588) – that Defendants themselves proposed and that the Court so-ordered following a court conference on July 15, 2025 – has passed and there is still significant financial discovery that remains outstanding as set forth herein.[1] The Government has been meeting and conferring with Defendants on a weekly basis, including on July 24, 2025, but while Defendants have indicated that their production is ongoing, it remains unclear by when Defendants will conclude their production. Accordingly, the Government requests that the Court order that all financial discovery be completed by August 1.

      The Government issued its financial discovery requests on August 13, 2024 (attached as Exhibit 1). The Government previously moved to compel financial discovery on January 13, 2025, based on Defendants' failure to produce any documents in response to the Government's financial discovery requests. *See* Dkt. 322. The parties agreed to adjourn the court conference regarding financial discovery based on Defendants' agreement to provide financial documents pursuant to an agreed schedule. Dkt. 342. Specifically, Defendants agreed to produce financial discovery in two productions—one on February 19, 2025, and one on March 19, 2025. Dkt. 575-3. But Defendants failed to meet those agreed-to deadlines. Recently retained counsel for Defendants have been more responsive in producing financial documents, but they are not in compliance with the Court's order requiring completion of financial discovery by July 22, 2025, and there are significant omissions in Defendants' productions to date. We are mindful that Defendants are in the process of continuing their efforts to produce financial documents. Nevertheless, we seek to bring this to the Court's attention now given Defendants' history of repeatedly failing to meet discovery deadlines, and an in effort to obtain final responses to long overdue financial discovery requests.

---

[1] All docket references are to 22 Civ. 10313 (LJL).

The following financial discovery has not been produced by the Court's July 22, 2025 deadline:

**Interrogatory 1.**  The Government asked Defendants to identify "all of your trusts and your corporations or partnerships." As the Court is aware from prior submissions, Defendants used dozens of LLCs and other entities to dissipate assets, including purchasing residential properties with LabQ Corporate Defendants' funds and placing the properties in the names of more than 30 LLCs and at least one trust. *See* Dkt. 351 Ex. 3 (showing Defendants' ownership interests in 86 properties with 84 of them in the names of LLCs and a trust); Ex. 4 (graphic depicting these LLCs). Additional LLCs owning property were never disclosed by Defendants to the Government as required by the August 2, 2024 Stipulation and Order (Dkt. 60 ¶ 9), and the Government only learned of their existence through subpoenas to non-parties. *See* Dkt. 351 Ex. 5 (identifying 25 additional properties that Landau owns through additional LLCs that were not disclosed by Defendants). These property-owning entities are not the only corporate entities that Defendants have created – attached as Exhibit 2 is a list of entities that the Government has learned of throughout this case (including LLCs holding property as well as business entities). Defendants must each respond to this interrogatory by identifying all such entities plus any others not included on this list, and sign their response under oath pursuant to Federal Rule of Civil Procedure 33(b)(3).

**Document Request 1.** The Government requested that Defendants produce documents reflecting the ownership structure and financial condition of Defendants' corporations and partnerships. Defendants have failed to comply fully with this request and, to date, have only produced limited documents for certain of Defendants' entities. But as discussed above with regard to Interrogatory 1, Defendants have created a web of corporate entities in which they have financial interests. *See* Exhibit 2. Defendants must produce responsive documents for all of the entities referenced in Exhibit 2 as well as for any of Defendants' entities not on this list, including documents for any additional entities identified in response to Interrogatory 1.[2]

Defendants continued failure to produce a complete set of responsive documents for a large set of corporate entities for nearly a year is untenable. Moreover, many of documents the Government seeks are plainly in Defendants' possession. Indeed, Defendants have relied on responsive, but unproduced, documents in their recent opposition to a motion for sanctions that refenced non-produced corporate documents in an effort to show that disbursements to the "CMT Entities" did not violate the Court's so-ordered August 2, 2024 stipulation.[3] Defendants should not

---

[2] The parties corresponded about producing documents for the first 57 of the entities referenced in Exhibit 2 by letter dated April 16, 2025. *See* Exhibit 3 n.1. The additional 24 entities are the LLCs that the Government learned of through non-party discovery. *See* Dkt. 351 Ex. 5 (identifying 25 additional properties that Landau owns through 24 LLCs not initially disclosed by Defendants).

[3] *See* Dkt. 555-1 (Declaration from Lee Vartan attaching bylaws of Care Bio Clinical, Corp., a New Jersey Corporation; bylaws of Care Bio Clinical, Corp., a New York Corporation; bylaws of Unitec Laboratories Inc.; bylaws of Community Mobile Testing Inc.; the operating agreement of QCare.com LLC; the operating agreement of CareQure LLC; the operating agreement of Thomas G. Rosano PhD LLC; and the operating agreement of SequreIT LLC).

be permitted to fail to produce these documents while attempting to use them as a sword when Defendants believe it is to their advantage. The Government needs these documents to untangle the corporate web that Defendants have spun to hide their assets. The Court should compel Defendants to produce all unproduced property documents by August 1, 2025.

**Document Request 2.** The Government requested that Defendants produce all documents relating to all real property that Landau, his spouse, and his corporations or partnerships have purchased or sold; are under contract to purchase or sell; or in which they have an ownership interest. Defendants have failed to comply fully with this request. This is particularly concerning since it renders the Government unable to assess Defendants' claims of financial hardship and requests for relief from the writs. Specifically, Defendants claim they need to sell or take out loans against properties over which the Government has obtained liens of attachment, but Defendants have not provided the Government with access to information about other potentially unencumbered real property assets of Defendants that may be used to pay these expenses. For example, Defendants have not produced documents reflecting properties located in Israel, despite the fact that Landau testified about a house in Tiberias, Israel that he "bought" for "two million and change." *See* Dkt 536, Ex. 5 at 168:24-169:2. During a meet and confer session, Defendants' counsel represented that Landau did not close on this property (although he is in contract to purchase it) and thus does not own it. This representation contradicts Landau's sworn testimony that he purchased it. But even if counsel's representation is true, Landau must produce the contract for this property. Moreover, the Government has obtained bank records, a summary of which are attached as Exhibit 4, demonstrating that Landau spent at least $1.429 million for a real estate purchase in Israel, which may or may not be the same property Landau described at his deposition. The bank records even indicate "Final Payment[]real Estate Purchase," *see id.*, thus clearly demonstrating an ownership interest in a property for which Defendants have failed to produce documents. The Court should compel Defendants to produce all unproduced property documents by August 1, 2025.

**Document Requests 7 and 8.** The Government requested account statements for bank accounts, credit union accounts, investment accounts, or savings and loan accounts (Request 7). The Government also requested credit card statements (Request 8). Defendants have a made rolling production of these records, but they have not complied with the Court-ordered July 22, 2025 deadline. By letter dated July 11, 2025, the Government identified for Defendants the credit card statements and account statements still outstanding as of that date. The Court should compel Defendants to produce all unproduced documents by August 1, 2025, in addition to any other responsive documents for any accounts or credit cards not previously disclosed to the Government (if any).

**Document Request 15.** The Government requested "all promissory notes or other documents evidencing any money owed to you or your corporations or partnerships or your trust." Defendants have represented that they will complete production of responsive documents, including accounts receivable, to this request shortly. The Court should compel Defendants to produce all unproduced documents by August 1, 2025.

**Document Request 16.** The Government requested documents regarding debts owed by Defendants and their corporations and partnerships. Defendants have not produced all responsive

documents, but have represented that any additional responsive documents will be produced shortly. The Court should compel Defendants to produce all unproduced documents by August 1, 2025.

**Document Request 21.** The Government requested documents addressing assets such a various types of vehicles. Defendants have failed to comply with this request. Defendants have not provided any documents in response to this request, nor have they confirmed in writing that they do not have responsive documents. The Court should compel Defendants to produce any responsive documents by August 1, 2025.

**Document Request 23.** Defendants have not produced "all documents related to any accounts or notes receivable" owed to Defendants and Landau's corporate entities, partnerships and trusts, but have confirmed that responsive documents will be produced shortly. [4] The Court should compel Defendants to produce any responsive documents by August 1, 2025.

For all these reasons, we respectfully request that the Court compel Defendants to respond to the Government's financial interrogatory under oath and produce all outstanding responsive documents by August 1, 2025.

We thank the Court for its consideration of this request.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: /s/ Lawrence H. Fogelman
RACHAEL DOUD
LAWRENCE H. FOGELMAN
CHARLES S. JACOB
MOLLIE KORNREICH
DANIELLE J. MARRYSHOW
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, NY 10007
Telephone: (212) 637-2800
Email: rachael.doud@usdoj.gov
lawrence.fogelman@usdoj.gov
charles.jacob@usdoj.gov
mollie.kornreich@usdoj.gov
danielle.marryshow@usdoj.gov

---

[4] For certain other document requests including documents request 11, 14, 18, 20, 25 and 26, Defendants have indicated that any responsive documents have been produced or that no responsive documents exist, and that Defendants will send a confirmatory letter in that regard.

cc: Counsel of Record (by ECF)