UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* RESOLUTE3 LLC,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　　　　v.<br><br>LABQ CLINICAL DIAGNOSTICS, LLC; DART MEDICAL LABORATORY, INC.; COMMUNITY MOBILE TESTING INC., *et al.,*<br><br>　　　　　　　　Defendants. | 22 Civ. 751 (LJL) |
| UNITED STATES OF AMERICA *et al.*, *ex rel.* NJ CHALLENGER LLC,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　　　　　v.<br><br>LABQ CLINICAL DIAGNOSTICS LLC; DART MEDICAL LABORATORY, INC.; COMMUNITY MOBILE TESTING INC., *et al.*,<br><br>　　　　　　　　Defendants. | 22 Civ. 10313 (LJL) |
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff-Intervenor,<br><br>　　　　　　　v.<br><br>LABQ CLINICAL DIAGNOSTICS, LLC; COMMUNITY MOBILE TESTING, INC.; DART MEDICAL LABORATORY, INC.; MOSHE LANDAU, *et al.*,<br><br>　　　　　　　　Defendants. | 22 Civ. 751 (LJL)<br>22 Civ. 10313 (LJL) |

**DEFENDANTS' MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a) OR, IN THE ALTERNATIVE, FOR JUDICIAL DISQUALIFICATION PURSUANT TO 28 U.S.C. § 455**

1

Defendants LabQ Clinical Diagnostics, LLC, Community Mobile Testing, Inc., Dart Medical Laboratory, Inc., Rabbi Moshe Landau, and the transferee defendants (collectively, "Defendants"), by and through their undersigned counsel, hereby move this Court to transfer venue in this action to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a). Alternatively, Defendants respectfully request that the Court disqualify itself from adjudicating this case pursuant to 28 U.S.C. § 455.

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The grounds for this motion are fully set forth in the accompanying Memorandum of Law in Support of Motion to Transfer Venue, which is incorporated herein by reference. As set forth in the accompanying Memorandum of Law, the District of New Jersey is a more convenient forum for the parties and witnesses, and the interests of justice strongly favor transfer due to the minimal connection of the operative facts to the Southern District of New York.

Title 28, United States Code, Section 455 provides that a judge shall disqualify himself where his impartiality might reasonably be questioned, including when he has personal knowledge of disputed evidentiary facts or when a family member is likely to be a material witness. 28 U.S.C. § 455(a), (b)(1), (b)(5)(iv). *See* also Code of Conduct for United States Judges, Canon 3.

The grounds for disqualification are set forth in the accompanying Memorandum of Law. In brief, claims data shows that the Court and two close

Family Members of the Court, registered with LabQ and were tested for COVID-19 by CMT on 36 different occasions between September 14, 2021 and February 1, 2023, giving the Court personal knowledge of material disputed facts. In addition, the two Family Members are potential material witnesses in this litigation given their representations during the LabQ registration process on 12 separate occasions, which were inconsistent with insurance discovery conducted by Defendants. The Family Members may be subject to depositions and could be called as trial witnesses.

To ensure the integrity of these proceedings and to avoid any appearance of impropriety, Defendants respectfully request an expedited ruling on this motion and an interim stay of all enforcement, contempt and sanctions proceedings pending disposition of this motion. The need for expedition and a stay is supported by precedent emphasizing the importance of maintaining public confidence in the judiciary's impartiality. *See Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 864 (1988) (holding that recusal under § 455(a) is necessary to avoid the appearance of partiality); *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988) (noting the importance of prompt resolution of recusal motions to maintain judicial integrity); *Liteky v. United States*, 510 U.S. 540, 555 (1994) (emphasizing that recusal is warranted where impartiality might reasonably be questioned). An expedited ruling and interim stay will prevent potential prejudice and ensure a fair and impartial proceeding.

3

## PRAYER FOR RELIEF

Defendants respectfully request that the Court:

1. Transfer the case to the United States District Court for the District of New Jersey or, in the alternative, disqualify itself pursuant to 28 U.S.C. § 455 to ensure a fair and impartial proceeding;

2. Issue an expedited ruling on this motion to avoid undue delay in the administration of justice;

3. Order an interim stay of all enforcement, contempt and sanctions proceedings pending disposition of this motion to preserve the integrity of the judicial process; and

4. Grant such other and further relief as the Court deems just and proper.

Date: September 5, 2025

Respectfully submitted,

**ZELL & ASSOCIATES INTERNATIONAL ADVOCATES LLC**

*/s/ Jeffrey E. Michels*
Jeffrey E. Michels, Esq.
Noam Schreiber, Esq.
1345 6th Avenue 2nd Floor
New York, New York, 10105
Telephone: (212) 971-1349
jmichels@fandz.com
noam.schreiber@fandz.com
*Attorneys for Moshe Landau; LabQ, Dart Medical Laboratory; Community Mobile Testing, Inc; MLK Blvd Upscale LLC; Thomas G. Rosano PhD LLC d/b/a National Toxicology Center; David Landau; Har Hazayis'm Realty LLC; Realty at HH LLC; Yampola 2022 Charitable Lead Annuity Trust; Carebot ABA LLC; OvaLab LLC; and Care Bio Clinical Corp.*

LETO LAW FIRM
Matthew P. Leto
201 South Biscayne Blvd.
Suite 2700
Miami FL 33131
Phone: (305) 341-3155
mleto@letolawfirm.com
*Attorneys for NJJ Institution;*
*Congregation Kolel Vyashkem Avrhom Inc.;*
*175 Park Avenue. LLC; and*
*The Malon Resort NJ LLC.*