

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

October 7, 2025

<u>BY ECF</u>
Hon. Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: *United States of America v. LabQ Clinical Diagnostics, LLC, et al.*
    No. 22 Civ. 751 (LJL), No. 22 Civ. 10313 (LJL)

Dear Judge Liman:

  This Office represents the Government in this False Claims Act case. As set forth below, we write respectfully to request that the Court lift the stay presently in place in this case as a result of the Amended Standing Order entered by Chief Judge Swain (the "Standing Order"). *See* Dkt. No. 3, 25 mc. 433 (Oct. 2, 2025) (LTS). The Standing Order stayed this case in light of the lapse of funding to the United States Department of Justice. *See id.* We request to lift the stay because, as set forth below, this Office has determined that its employees may continue to work on this case during the lapse in appropriations. Further, a lift of the stay is particularly appropriate given defendants' ongoing dissipation of assets. Lastly, for the reasons set forth below, the parties also respectfully request the modification of certain interim deadlines, as proposed below.

  ***Background.*** On October 1, 2025, federal appropriations lapsed for the U.S. Department of Justice and other federal agencies. With limited exceptions, the Anti-Deficiency Act prohibits federal employees funded by appropriations from working during a lapse in appropriations, even on a voluntary basis, unless otherwise authorized by law. *See* 31 U.S.C § 1341-42; *see also Authority for the Continuance of Government Functions During a Temporary Lapse in Appropriations*, 43 Op. Att'y Gen. 293 (Jan. 16, 1981); *Government Operations In the Event of a Lapse in Appropriations*, 1995 WL 17216091 (Aug. 16, 1995) (identifying categories of activities that, consistent with the Anti-Deficiency Act, may continue during a lapse in appropriations).

  As a result, on October 2, 2025, Chief Judge Laura Taylor Swain entered the Standing Order, which provides that, "[u]pon the application of the United States Attorney for the Southern District of New York, in light of the lapse of funding to the United States Department of Justice, and to facilitate the management of the Court's docket . . . all civil cases (other than civil forfeiture cases and immigration cases, whether affirmative or defensive) in which the United States Attorney's Office for the Southern District of New York has appeared as counsel of record for the United States . . . are hereby stayed until the business date after the President signs into law a

budget appropriation that restores Department of Justice funding."[1] Standing Order at 1. The Standing Order also permits a party to seek relief from the stay "in any particular civil action." *Id.* ¶ 3.

This Office has determined that work on this specific case by this Office's employees falls into one of the Anti-Deficiency Act's exceptions and should properly continue during the present lapse in appropriations. Accordingly, the Government respectfully requests that the Court lift the Standing Order's stay as it applies to this case and keep in place all pre-lapse deadlines and hearings as scheduled, except for the specific proposed revisions set forth below. Indeed, given the defendants' ongoing dissipation of assets, the lifting of the stay is necessary so that the Government may seek to protect its potential recovery in this case. To the extent that lapses in appropriations to other related federal agencies (such as the U.S. Department Health and Human Services) disrupt those agencies' ability to work on matters relating to this case and cause unavoidable delays, the Government will apply at a later juncture for extensions regarding any specific deadlines affected. In addition, although the Government is mindful that the Court has advised the parties that they "should not expect any ruling on a substantive motion pending a decision on Plaintiffs' motion for recusal," Dkt. No. 726, the Government does not believe that this motion is substantive. Further, lifting the stay will permit the Court to rule on Plaintiffs' pending recusal motion.

The defendants in this case (except for two defendants, who did not respond for a request for position)[2] provided the following statement regarding the Government's request that the Court lift the stay:

> We take no position on lifting the stay in this case. We note that we have reservations about lifting the stay if the shutdown is prolonged, since the shutdown will likely impact other components of the government to meaningfully participate in this case, be it through document production or depositions.

Lastly, the Government and defendants LabQ Clinical Diagnostics, LLC, Dart Medical Laboratory, Inc., Community Mobile Testing, Inc., and Moshe Landau (the "FCA Defendants") have further met and conferred regarding the following interim deadlines set forth below. The Government and FCA Defendants jointly request the following extensions to these interim deadlines, as proposed below. We make this request in light of the parties' ongoing progress in collecting, reviewing and producing documents, as well as given the Government's recent need to respond to various motions filed by defendants.

---

[1] The Standing Order also tolls all court deadlines accordingly. *See id.* ¶ 2.

[2] Counsel for NJJ Institutions and Congregation Kolel Vyashkem Avrhom Inc. did not respond to the Government's request for Defendants' position.

|  | **Original Deadline** | **Proposed Deadline** |
|---|---|---|
| Deadline for parties to complete all document productions (including custodial-based productions), except for documents undergoing a final privilege review | October 10, 2025 (Dkt. No. 719-720) | November 3, 2025 |
| Deadline for parties to produce privilege logs, and any remaining documents determined not to be privileged after a final privilege review | October 24, 2025 (Dkt. No. 719-720) | November 25, 2025 |
| Deadline for Government's opposition to Defendants' Motion to Dismiss | October 15, 2025 (Dkt. No. 719-720) | November 5, 2025 |
| Defendants' deadline to file a reply brief in further support of defendants' motion to dismiss | November 5, 2025 (Dkt. No. 719-720) | December 3, 2025 |

We thank the Court for its consideration of these requests.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: /s/ Charles S. Jacob
RACHAEL DOUD
LAWRENCE H. FOGELMAN
CHARLES S. JACOB
MOLLIE KORNREICH
DANIELLE J. MARRYSHOW
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, NY 10007
Telephone: (212) 637-2800
Email: rachael.doud@usdoj.gov
lawrence.fogelman@usdoj.gov
charles.jacob@usdoj.gov
mollie.kornreich@usdoj.gov
danielle.marryshow@usdoj.gov

cc: Counsel of Record (by ECF)