

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

November 19, 2025

**BY ECF**
Hon. Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *United States of America v. LabQ Clinical Diagnostics, LLC, et al.*
No. 22 Civ. 751 (LJL), No. 22 Civ. 10313 (LJL)

Dear Judge Liman:

This Office represents the United States of America in this False Claims Act case. We write respectfully in response to Defendants LabQ Clinical Diagnostics, LLC, Dart Medical Laboratory, Inc., Community Mobile Testing, Inc., and Moshe Landau's (the "FCA Defendants") motion to compel the production of certain discovery (Dkt. No. 788) (the "Motion to Compel"). This Court should deny the motion without prejudice because the FCA Defendants have not attempted to meet and confer with the Government on many of the requests, thereby rendering the Motion to Compel both premature and in violation of Rule 4.C of this Court's Individual Practices. If Defendants had attempted to meet and confer with the Government, the Government would have explained, among other things, that Defendants seek a privilege log that has already been produced to Defendants and that the Government's forthcoming production, which is being made consistent with this Court's discovery schedule, includes documents covered by their motion to compel. The Government remains willing to meet and confer with the FCA Defendants on these issues and more, and requests that the Court deny the FCA Defendants' motion without prejudice, and order the FCA Defendants to meet and confer with the Government to attempt and narrow (or eliminate) any discovery disputes.

In the FCA Defendants' Motion to Compel, they seek to compel the production of the following materials: (1) the entire repository of documents underlying the July 13, 2023 OIG audit of the Uninsured Program; (2) communications and reporting materials concerning the administration of the Uninsured Program; (3) comparative data for other providers; (4) policies and guidance regarding certain aspects of the Uninsured Program; and (5) the production of a privilege log. *See* Dkt. No. 789 at 2. As described in greater detail below, these requests are either moot or not ripe for judicial intervention because of the FCA Defendants' failure to meet and confer and, accordingly, their motion should be dismissed.

The Government served responses and objections to the FCA Defendants' discovery requests in November 2024. The FCA Defendants waited more than seven months before raising substantive issues with the Government's discovery responses with respect to (1) the OIG audit

repository, (2) communications regarding the administration of the Uninsured Program, (3) comparative data for other providers, (4) policies and guidance regarding the Uninsured Program and (5) the production of a privilege log, which they communicated by letter dated July 2, 2025 and sent via email. In their motion, however, the FCA Defendants omit that the Government promptly responded to the FCA Defendants' stated concerns in letters transmitted via email dated July 14, 2025 and July 25, 2025. *See* Exhibits 1 and 2. Following that letter correspondence, the FCA Defendants did not raise these issues further (other than the issue regarding the OIG repository) with the Government until filing their motion yesterday.

Even less communication has taken place with respect to the FCA Defendants' request for certain HRSA reporting materials. *See* Dkt. No. 789 at 14-15. The FCA Defendants first requested that material via email on November 11, 2025. The Government confirmed receipt and indicated that it intended to respond. The Government did not have an opportunity to do so before the filing of the instant Motion to Compel.

And the FCA Defendants have similarly failed to complete the meet and confer process with the Government concerning their request for the entire OIG repository. Since July, the parties have been engaged in discussions regarding the FCA Defendants' request for the repository. Most recently, on October 24, 2025, the Government offered a compromise proposal to address the FCA Defendants' concerns. The FCA Defendants were evaluating that compromise proposal as late as November 4, 2025, and did not mention these materials on the parties' standing meet-and-confer call on November 6, 2025. Rather than responding to the proposal, the FCA Defendants filed the instant motion.

It is thus no surprise that, in violation of the Court's Individual Practices, Defendants' motion papers do not include the required certification that they have, in good faith, conferred or attempted to confer on these discovery issues pursuant to Federal Rule of Civil Procedure 37(a)(1). *See* Individual Practices, Rule 4.C.

Indeed, if Defendants had met and conferred with the Government on their motion, the Government would have explained that the Government's forthcoming production includes documents covered by their motion to compel, such as: (1) communications between HRSA and Optum relating to the administration of the Uninsured Program; (2) assessments issued by HRSA of other providers that submitted claims to the Uninsured Program; and (3) documents reflecting HRSA's policies, interpretations, and communications regarding UIP eligibility. *See* Dkt. No. 789 at 2. These documents are being produced after a large and proportional collection and review by the Government and will include internal non-public HRSA documents and custodial communications for HRSA employees. Once this production is completed shortly, the Government will have produced over 710,000 pages of documents to Defendants (including documents obtained by the Government from third parties).

With respect to the FCA Defendants' request for a privilege log, this request is untimely not only because the FCA Defendants' failure to meet and confer, but also because the Government's privilege log is not due until December 23, 2025, *see* Dkt. Nos. 765, 766, and the Government will be conducting its final privilege review of certain documents pursuant to that schedule. As a result, it is not clear what relief the FCA Defendants seek on that score. Moreover, contrary to the FCA

Defendants' assertion in their Motion to Compel, *see* Dkt. No. 789 at 20, the Government has already produced a privilege log for document USA00122297-301. *See* Exhibits 3 and 4. Had the FCA Defendants followed the Court's rules and met and conferred with the Government before filing their motion, they would have learned this issue, among other possible disputes, was moot.

Lastly, the FCA Defendants' motion to compel does not comply with Rule 4.C of this Court's Individual Practices for the additional reason that the FCA Defendants filed a 22-page memorandum of law rather than a three-page letter motion with the Court concisely describing the dispute. The Government respectfully requests that the Court direct Defendants, in any renewed motion to compel, to comply with this Court's Individual Practices regarding discovery disputes.

The Government thanks the Court for its consideration of this matter.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: */s/ Danielle J. Marryshow*
RACHAEL DOUD
LAWRENCE H. FOGELMAN
CHARLES S. JACOB
MOLLIE KORNREICH
DANIELLE J. MARRYSHOW
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, NY 10007
Telephone: (212) 637-2725
Email: rachael.doud@usdoj.gov
lawrence.fogelman@usdoj.gov
charles.jacob@usdoj.gov
mollie.kornreich@usdoj.gov
danielle.marryshow@usdoj.gov

cc: Counsel of Record (by ECF)