

# ZELL & ASSOCIATES
## INTERNATIONAL ADVOCATES LLC
AN AFFILIATE OF FANDZ INTERNATIONAL LAW GROUP
International Attorneys & Notaries

November 21, 2025

**VIA ECF/CM**
Hon. Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *United States of America v. LabQ Clinical Diagnostics, LLC, et al.*, No. 22 Civ. 10313 (LJL)

Dear Hon. Judge Liman:

      Our firm represents LabQ Clinical Diagnostics, LLC ("LabQ"), Community Mobile Testing, Inc. ("CMT"), Dart Medical Laboratory, Inc. ("Dart Medical"), and Moshe Landau (collectively, the "Defendants"). Defendants submit this short reply to correct the procedural narrative set forth in the Government's recent opposition letter (Dkt. 799) to Defendants' Motion to Compel (Dkt. 788) and to clarify why the Motion should not be denied.

      The Government's presentation rests almost entirely on the assertion that Defendants failed to meet and confer and that certain documents will be produced "shortly." What the Government does not do is engage with the substance of the disputes or provide any legal basis for withholding the categories of documents that lie at the core of its own allegations in this case.

      As the record shows, Defendants have been seeking the OIG audit repository, comparative provider data, HRSA–Optum communications, and internal HRSA guidance for more than a year (Dkts. 789, at 4-5, 789-1 and 789-2). These issues were repeatedly raised with the Government in writing and through multiple discussions, since, at least, July 2025. The Government's suggestion that Defendants failed to discharge their meet-and-confer responsibilities is false. There has been extensive back-and-forth, but no

*Letter reply to Dkt. 799*
*November 21, 2025*
*Page 2*

resolution because the Government never committed to producing the materials and consistently claimed that the materials are, *inter alia*, irrelevant and not subject to discovery (*see* Dkt. 789-3, October 24 email from Government ("The Government stands by its November 2024 responses and objections to the FCA Defendants' requests for production referenced in your letter. As explained in those objections, the requests seek irrelevant documents, are significantly overbroad and disproportionate to the needs of the case, and implicate various privileges including the deliberative process privilege."). Under these circumstances, where Defendants raised these issues repeatedly, where the Government consistently objected to producing the requested materials, and where no concrete commitments were ever made, Defendants acted exactly as any reasonable litigant would: they sought the Court's assistance through a motion to compel.

Defendants more than satisfied their meet-and-confer obligations before seeking this Court's intervention. Courts routinely hold that the requirement is discharged where counsel raises disputes through detailed letters, emails, and discussions, even if the parties are ultimately unable to resolve the issues. *See Design Basics, L.L.C. v. Strawn*, 271 F.R.D. 513, 516 (D. Kan. 2010) (finding counsel satisfied Rule 37 where he sent a comprehensive deficiency letter, held a conference five days later, and exchanged clarifying emails); *Kirschenman v. Auto-Owners Ins.*, 280 F.R.D. 474, 478 (D.S.D. 2012) (17 months of letters, emails, phone calls, and a seven-page follow-up letter "clearly" satisfied the good-faith conferral duty); *McCulloch v. Hartford Life & Acc. Ins. Co.*, 223 F.R.D. 26, 31 (D. Conn. 2004) (An exchange of letters regarding several ongoing discovery issues satisfied the requirement to "confer" before moving to compel.).

Under these authorities—and given the extensive written exchanges and discussions here—Defendants plainly acted in good faith and fully discharged their conferral obligations. Further efforts would not have resolved the dispute, particularly where the Government repeatedly reaffirmed its objections and refused to produce the requested categories of documents. *Hedgeye Risk Mgmt., LLC v. Dale,* 2023 WL 4235768, at *7 (S.D.N.Y. June 28, 2023) (excusing the meet-and-confer requirement where further efforts deemed futile).

The Government now emphasizes that it intends to produce additional documents at some indefinite point in the future. But this belated assurance—coupled with the fact that the Government is, **for the first time**, stating that it will be producing materials that it now claims are responsive to Defendants' original discovery requests—does not moot the dispute. Rather than addressing the substance of Defendants' motion, the Government attempts to deflect it by invoking procedural technicalities and by offering a prospective promise of compliance. If litigants could avoid motions to compel simply by asserting that responsive documents are "forthcoming" or that production is "in progress," no discovery motion would ever be ripe; a party could always claim

*Letter reply to Dkt. 799*
*November 21, 2025*
*Page 3*

it is "working on it" and intend to produce "in due course," thereby insulating itself from review and delaying discovery indefinitely.

A denial of the motion would be inappropriate and prejudicial under these circumstances. The Government is, of course, free to request additional time to prepare its opposition if it now intends—*for the first time*—to produce materials it previously refused to provide. But the proper course is not to deny the motion outright. The motion should remain pending, and Defendants should be permitted to assess the Government's production as it is made. Only after the Government completes the production it now represents it will undertake can the Court meaningfully evaluate any remaining disputes. Preserving the motion on the docket ensures fairness, protects Defendants' rights, and prevents the Government from using a late-breaking promise of compliance to sidestep judicial review.

Defendants therefore respectfully request that the Court deny the Government's invitation to deny the Motion to Compel.[1]

Respectfully submitted,

/s/ *Noam Schreiber*
_____
Noam Schreiber
ZELL & ASSOCIATES INTERNATIONAL
ADVOCATES, LLC
800 Connecticut Ave., N.W.
Suite 300
Washington, D.C. 20006
Email: noam.schreiber@fandz.com

Jeffrey E. Michels
ZELL & ASSOCIATES INTERNATIONAL
ADVOCATES, LLC
1345 6th Avenue 2nd Floor
New York, New York, 10105
Telephone: (212) 971-1349
jmichels@fandz.com

L. Marc Zell, *of Counsel*
ZELL & ASSOCIATES INTERNATIONAL
ADVOCATES, LLC
800 Connecticut Ave., N.W.
Suite 300
Washington, D.C. 20006
Email: mzell@fandz.com

cc.: Counsel of Record

---

[1] The Government's reliance on Rule 4.C of the Court's Individual Practices is misplaced. The Rule does not require a party to file a letter-motion; it provides that a party *"may"* file one after attempting to meet and confer. The permissive language confirms that a letter format is allowed—not mandated—and nothing in Rule 4.C bars a party from presenting a fully developed motion where, as here, the issues are complex, longstanding, and central to the case.