

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

December 22, 2025

**BY ECF**
Hon. Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States of America v. LabQ Clinical Diagnostics, LLC, et al.*
              No. 22 Civ. 751 (LJL), No. 22 Civ. 10313 (LJL)

Dear Judge Liman:

      This Office represents the United States of America in this False Claims Act case. The Government intends to submit a motion to compel Defendants LabQ Clinical Diagnostics, LLC, Dart Medical Laboratory, Inc., Community Mobile Testing, Inc., and Moshe Landau (the "FCA Defendants") to produce outstanding discovery and required disclosures, including documents through electronic discovery of LabQ custodians, missing claims data, verified interrogatory responses, and bank account statements. The Court's individual rules provide that discovery disputes should be raised by a letter-motion of "no longer than three single-spaced pages." Rule 4.C of this Court's Individual Practices. With the consent of the FCA Defendants, the Government respectfully requests permission to file a letter motion to compel of no longer than eight single-spaced pages, and for the FCA Defendants to have up to eight single-spaced pages to respond.

      The additional page-length is needed because the Government's anticipated motion addresses multiple failures by the FCA Defendants to comply with several Court-ordered deadlines to produce: various categories of electronic documents (such as emails from key custodians and text messages), claims data, verified interrogatory responses, and bank records. The Government also needs additional pages to respond to the FCA Defendants' contention that they have not complied with the discovery deadlines for these requests because they lack the assets to pay for discovery. Dkt. 774 at 4 (FCA Defendants stating that "[d]iscovery is effectively frozen" because of past due debts owed to litigation support vendors); Dkt. 665 (claiming in their letter dated July 30, 2025, that the FCA Defendants "lost access to their email server, as well as certain cloud-based storage" because "Defendants are without the ability to pay" these expenses).

      The Government is highly cognizant that this matter is subject to the administrative stay imposed by the Second Circuit, *see In Re: LabQ Clinical Diagnostics, LLC*, Case No. 25-2941 (2d Cir.) (Motion Order Dec. 15, 2025). However, we are filing this motion now so that the Court will have this letter brief with supporting documents and may more expeditiously decide these issues and allow this matter to proceed on the merits once the administrative stay is lifted.

We thank the Court for its consideration of this request.

                        Respectfully submitted,

                        JAY CLAYTON
                        United States Attorney for the
                        Southern District of New York

By: /s/ Lawrence H. Fogelman
     RACHAEL DOUD
     LAWRENCE H. FOGELMAN
     CHARLES S. JACOB
     MOLLIE KORNREICH
     DANIELLE J. MARRYSHOW
     Assistant United States Attorneys
     86 Chambers Street, 3rd Floor
     New York, NY 10007
     Telephone: (212) 637-2725
     Email: rachael.doud@usdoj.gov
             lawrence.fogelman@usdoj.gov
             charles.jacob@usdoj.gov
             mollie.kornreich@usdoj.gov
             danielle.marryshow@usdoj.gov

cc: Counsel of Record (by ECF)