

# ZELL & ASSOCIATES
## INTERNATIONAL ADVOCATES LLC
AN AFFILIATE OF FANDZ INTERNATIONAL LAW GROUP
International Attorneys & Notaries

January 21, 2026

**VIA ECF/CM**
Hon. Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *United States v. LabQ Clinical Diagnostics, LLC*,
No. 22-cv-10313 (LJL) & No. 22-cv-751 (LJL)

Dear Judge Liman:

Defendants ("FCA Defendants") respectfully submit this letter in response to the Court's January 16, 2026 Order directing Defendants to show cause why their Motion to Compel (Dkt. 788) should not be denied without prejudice in light of ongoing discovery discussions.

Defendants do not consent to denial without prejudice at this time. While the parties are actively engaged in continuing meet-and-confer efforts, those discussions have not yet resolved the material disputes raised in Defendants' motion. Accordingly, denial without prejudice would be premature and inefficient.

Rather than denial, Defendants respectfully request that the Court hold the motion in abeyance for a limited period while negotiations continue. This approach is consistent with federal courts' inherent authority to manage discovery and the routine practice of staying or holding motions to compel in abeyance to facilitate resolution. See, e.g., *Ross v. UKI Ltd.*, 2003 WL 22319573, at *2 (S.D.N.Y. Oct. 9, 2003); *Teamsters Loc. 456 Pension, Health & Welfare, Annuity, Educ. & Training, Indus. Advancement & Legal Servs. Funds by Picani v. CRL Transportation, Inc.*, 2020 WL 3619048, at *1 (S.D.N.Y. July 2, 2020); *Woodward v. Lytle*, 2019 WL 1416816, at *1 (N.D.N.Y. Mar. 29, 2019); *New Orleans Reg'l Physician Hosp. Org., Inc. v. United States*, 122 Fed. Cl. 807, 808–09 (2015) (staying briefing on motion to compel to permit negotiations and later extending the stay at the parties'

request); *Guy v. Sun Life Assurance Co. of Canada*, 2010 WL 11530341, at *1 (D. Minn. Dec. 14, 2010) (holding motion to compel in abeyance while parties worked through disputes).

Holding the motion in abeyance would not prejudice the Government, which recently sought and received an extension of its response deadline to February 17, 2026 precisely because of the parties' ongoing discussions.

Holding the motion in abeyance, rather than denying it, serves judicial economy by preserving the existing briefing and record while allowing the parties to narrow or resolve issues without requiring re-filing and re-briefing. Accordingly, Defendants propose that the Court:

1. Hold Dkt. 788 in abeyance for 30 days, during which the parties will continue to confer in good faith; and

2. Direct the parties to submit a brief joint status letter at the conclusion of that period indicating: **(a)** issues resolved; **(b)** issues remaining; and **(c)** a proposed schedule for resolving any remaining disputes.

If the parties fully resolve the issues, Defendants will withdraw the motion. If not, Defendants will proceed on a schedule set by the Court. Defendants appreciate the Court's consideration.

Respectfully submitted,

/s/ *Noam Schreiber*

_____
Noam Schreiber
ZELL & ASSOCIATES INTERNATIONAL
ADVOCATES, LLC
800 Connecticut Ave., N.W.
Suite 300
Washington, D.C. 20006
Email: noam.schreiber@fandz.com

| | |
|---|---|
| L. Marc Zell | Jeffrey E. Michels, Esq. |
| *Of Counsel* | ZELL & ASSOCIATES INTERNATIONAL |
| ZELL & ASSOCIATES INTERNATIONAL | ADVOCATES, LLC |
| ADVOCATES, LLC | 1345 6th Avenue 2nd Floor |
| 800 Connecticut Ave., N.W. | New York, New York, 10105 |
| Suite 300 | Telephone: (212) 971-1349 |
| Washington, D.C. 20006 | Email: jmichels@fandz.com |
| Email: mzell@fandz.com | |

cc.: Counsel of record